| | | |
|---|---|---|
| Kathy JoAnn Salyers, | ) | C/A: 4:17-cv-2245-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Kelly M. Morgan, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

This is an action filed by a *pro se* non-prisoner litigant, proceeding *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2),

the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit

findings and recommendations to the district court.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of

Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v.*

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,

404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon*

*v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such *pro se* complaints does not transform the court into an advocate.).

## BACKGROUND

In Plaintiff's Complaint, Plaintiff scratches through the question "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?" and replaces "facts" with "tort claim" and then checks no. This court is acquainted with Plaintiff's filings in other

actions and they do appear related to this action. *See* No. 4:16-cv-3505-BHH-TER and No. 4:16-cv-2759-BHH-TER (appeals from this district's bankruptcy court). Plaintiff here names as the only defendant, her previous bankruptcy creditor, Mr. Morgan of Ohio. (ECF No. 1 at 5-6). She alleges jurisdiction under diversity jurisdiction and states this court has personal jurisdiction over defendant and alleges evidence of his actions in Horry County and actions in the South Carolina bankruptcy court. (ECF No. 1 at 5; ECF No. 4 at 1).

Plaintiff alleges that on June 14, 2016, Plaintiff acquired proof that Defendant violated her Fifth and Fourteenth Amendment Constitutional rights "by willfully interfering with the proper administration of justice and by willfully removing Plaintiff's safeguard from arbitrary denial of property." (ECF No. 1 at 5). Plaintiff states she is filing her complaint pursuant to 28 U.S.C. § 1332 and 18 U.S.C. § 1001, and "Title 15 Chapter 78 of the South Carolina Code Ann.," which is the South Carolina Tort Claims Act. (ECF No. 1 at 5). Plaintiff alleges that Defendant is an attorney who obtained a default money judgment against Plaintiff by concealing facts from an Ohio court. (ECF No. 1 at 5-6). Defendant filed the judgment in Horry County in August 2013, and Plaintiff was never personally served. (ECF No. 1 at 6). Plaintiff states in December 2014, "the South Carolina court made Defendant personally serve Plaintiff with his court filings." (ECF No. 1 at 6).

Plaintiff states that she filed a Chapter 7 bankruptcy in April 2015 which placed a stay on Defendant's lawsuit against her. (ECF No. 1 at 6). She states that on June 14, 2016, Defendant made false statements to secure his proof of claim in bankruptcy court. (ECF No. 1 at 6). Plaintiff states she has proof "Defendant willfully and maliciously told false statements to the bankruptcy court, which the court relied upon to approve Defendant's proof of claim." (ECF No. 1 at 6). Plaintiff states that due to Defendant's false statements she lost her residence. (ECF No. 1 at 6-7).

Plaintiff states she was Defendant's client. (ECF No. 1 at 7). Plaintiff cites South Carolina case law regarding a state claim of intentional inflection of emotional distress. She also cites law on the elements of civil fraud and criminal fraud. (ECF No. 1 at 7). Plaintiff alleges she filed for bankruptcy under duress to secure a stay of Defendant's state action. (ECF No. 1 at 6-7). She states he continued in his scheme by giving false statements to the bankruptcy court to secure a bogus proof of claim. (ECF No. 1 at 8). Plaintiff states: "There should be no res judicata where an attorney, an officer of the court, commits fraud." (ECF No. 1 at 8). Plaintiff requests damages of $107,500. (ECF No. 1 at 9). This ends the court's summary of Plaintiff's Complaint and below represents a summary of documents from the court record in referenced cases.[1]

Defendant here was a creditor who filed a proof of claim for legal fees of $22,164.06 in Plaintiff's bankruptcy case. *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct. docket). Plaintiff here was granted a Chapter 7 discharge on July 28, 2015. *Id.* Defendant was an attorney involved in the Plaintiff's mother's estate in 2010 through 2012. (ECF No. 80 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.). It is noted in bankruptcy court filings, Plaintiff filed a Rule 60B Motion for Relief from Judgment in Horry County Common Pleas on December 12, 2014. (ECF No. 80 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.)). Defendant had filed the Ohio Judgment in Horry County on August 13, 2013, and a day later Plaintiff transferred the property to her ex-husband for $1 dollar. (Claim#1 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.

---

[1] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) (a federal court may take judicial notice of the contents of its own records). Additionally, the court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

docket). On December 16, 2014, Defendant filed a complaint against the debtor in the Horry County Court of Common Pleas. *See* Docket No. 2014-cp-26-8346 for Horry County Court of Common Pleas. The state court complaint was stayed due to the bankruptcy filing. *Id.* The bankruptcy trustee commenced an adversary proceeding to void the transfer of the asset, the home. *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct. docket).

On September 7, 2016, Plaintiff filed a Motion to Vacate Discharge and Dismiss in the bankruptcy case, stating that she no longer had any creditors and did not have any non-exempt assets. (ECF No. 136 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.)). In this district court, Plaintiff had attempted an appeal of the bankruptcy matters, and on September 8, 2016, she filed a motion to voluntarily dismiss appeal. *In Re Salyers*, No. 4:16-cv-2759-BHH-TER (ECF No. 15). She stated in that motion that she sent the money to pay the creditor (Defendant here) Kelly Morgan in full and he was to release his claim. *Id.*

On December 19, 2016, the bankruptcy court approved the case settlement of the main bankruptcy case and two adversary cases. (ECF No. 162 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.)). The settlement included Plaintiff's willful transfer and relinquishment of real property to the Trustee for purpose of satisfying claims in full. *Id.* Debtor Plaintiff waived and released all claims it might have against the Trustee. *Id.* The order states "Kelly Morgan has been paid in full so that there should be no encumbrance on any property related to this matter." *Id.* The court's settlement order provided:

> The Debtor, R. Salyers[,] and Inman are prohibited from filing any further pleadings of any kind in the pending case and from making any claims, filings, reports, notices, grievances, complaints or other notification of any kind whatsoever against the Trustee, Barton, or anyone else in any relation of any kind (broadly construed) to the subject Bankruptcy action. If such claims, filings, reports, notices, grievances,

complaints or other have any relationship (broadly construed) to any part of this Bankruptcy action, they are violative of this settlement agreement. This provision prohibits the Debtor, R. Salyers, and Inman from filing any further pleadings, including objections, in the bankruptcy case, the First Adversary Proceeding, and the Second Adversary Proceeding. Should any such claims, filings, reports, notices, grievances, complaints or other be made, this document is to be used to show that such claims are invalid, and any funds payable under the agreement to R. Salyers are forfeited.

...

IT IS FURTHER ORDERED that the Court retains jurisdiction to interpret, enforce and implement the settlement, including, but not limited to, retaining jurisdiction to resolve any disputes, controversy or claims arising under or related to the settlement, and interpret, implement and enforce the provisions of this Order.

*Id.* The bankruptcy court authorized the sale of the property that Plaintiff states as damages in the instant case. (ECF No. 175 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.)). The Order states all parties were notified and did not object to the sale. *Id.*

## **DISCUSSION**

While Plaintiff initially appears to be pursuing a § 1983 action for violations of the Fifth and Fourteenth Amendments, such an action cannot be pursued against a non-state actor. The only Defendant in this action is Plaintiff's former attorney and bankruptcy creditor. Plaintiff also appears to be pursuing state law claims of fraud[2] and intentional infliction of emotional distress[3].

---

[2] "A cause of action for fraud requires: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) either knowledge of the falsity of the representation or reckless disregard of its truth or falsity; (5) the intent that the representation be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely on the representation; and (9) the hearer's consequent and proximate injury." *Hollman v. Woolfson*, 384 S.C. 571, 579-80, 683 S.E.2d 495, 499 (2009).

[3] "In order to recover for the intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so

Plaintiff states that on June 14, 2016, Defendant made false statements to secure his proof of claim in bankruptcy court. (ECF No. 1 at 6-7). As previously indicated, Plaintiff objected to Defendant's proof of claim in the bankruptcy court. In filings before this Court in other cases, on September 8, 2016, – which was after the time period in the instant Complaint she alleges she discovered fraud– Plaintiff stated that she paid Defendant and wished to dismiss her bankruptcy appeal. *In Re Salyers*, No. 4:16-cv-2759-BHH-TER (ECF No. 15). Furthermore, bankruptcy court orders indicate Plaintiff did not object to the sale of her property which she cites as damages here. (ECF No. 162 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.)). Moreover, the bankruptcy court order provided that Plaintiff was prohibited "from making any claims, filings, reports, notices, grievances, complaints or other notification of any kind whatsoever against" Creditor/ Defendant here. (ECF No. 162 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.)). The order itself instructs the order is to be used to show such claims are invalid if Debtor files such claims. (ECF No. 162 in *In re Salyers*, No. 15-02-095-DD (D.S.C. Bankr. Ct.)).

This case is subject to summary dismissal. Federal decisions provide the elements of collateral estoppel[4] to be given by one federal court to the judgment of another federal court. The

---

severe that no reasonable person could be expected to endure it." *Upchurch v. N.Y. Times Co.*, 314 S.C. 531, 536, 431 S.E.2d 558, 561 (1993).

[4] This Court may raise this issue *sua sponte* in the interest of judicial economy. *Arizona v. California*, 530 U.S. 392, 412 (2000); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir.2006) (recognizing that "certain affirmative defenses implicate important institutional interests of the court, and may sometimes be properly raised and considered *sua sponte*"); *Saudi v. V. Ship Switzerland, S.A.*, 93 Fed. Appx. 516, 520-21 (4th Cir.2004) (*sua sponte* invocation of preclusion bar was permissible given the indisputable privity of the parties and the identity of the issues ); *Garrett v. Ozmint*, No. C.A. 6:08-0399-HMH-WMC, 2008 WL 5244542, at *4 (D.S.C. Dec. 15, 2008)("interests of justice and judicial economy weigh in favor of dismissal of the instant case as it is barred by the doctrines of res judicata and collateral estoppel," which were raised *sua sponte*); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir.1998)(raising collateral estoppel *sua sponte* did not

elements of federal collateral estoppel are: (1) the issue sought to be precluded was the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a valid and final judgment; and (4) the determination was essential to the prior judgment. *Montana v. United States*, 440 U.S. 147, 153,(1979); *Combs v. Richardson*, 838 F.2d 112 (4th Cir. 1988). The propriety of Defendant's claim has already been determined by the bankruptcy court. Plaintiff participated in contesting said claim. Plaintiff has stated to this court her desire to dismiss previous appeals of bankruptcy court decisions because she paid the Defendant's claim in full. The bankruptcy court's order stated Plaintiff's transfer of property was willful and she had an opportunity to object. The bankruptcy court order stated there was no encumbrance on the property because Defendant's claim had been paid in full. The fact of Defendant's proof of claim and the fact it was paid were essential to the bankruptcy court's adjudication of the bankruptcy estate's assets. Plaintiff is barred from raising these issues in a collateral proceeding. Additionally, to the extent Plaintiff attempts to relitigate the issue of the validity of the transfer of her property, that issue is also barred by collateral estoppel.

Moreover, to the extent Plaintiff alleges she filed the bankruptcy case under duress and only because of Defendant's state court judgment and fraud, any claims in this regard were property of the debtor's bankruptcy estate and such right to pursue a cause of action regarding was surrendered to the bankruptcy trustee as part of the bankruptcy estate. *See* 11 U.S.C. § 541(a) (1); *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4th Cir. 1997); *In re Richman*, 104 F.3d 654, 657 (4th Cir.

---

require reversal because of the "strong public policy in economizing the use of judicial resources by avoiding relitigation"); *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir.1996)("courts, in the interest of judicial economy, may raise the issue of preclusion *sua sponte*"); *see also Carbonell v. Louisiana Dept. of Health & Human Resources*, 772 F.2d 185,189 (5th Cir.1985).

1997). Property of the bankruptcy estate includes debtor's interests in any cause of action that has accrued prior to the bankruptcy petition. *Goodman v. Phillip R. Curtis Enters., Inc.*, 809 F.2d 228, 232 n. 6 (4th Cir.1987). Furthermore, any challenge to the validity of the Ohio default judgment or the subsequent filing of the judgment in state court in South Carolina or the judgment of the bankruptcy court would need to be brought in those respective jurisdictions as this court lacks jurisdiction to review or reconsider the efficacy of those judgments.[5]

Summary dismissal of the Complaint is recommended as Plaintiff cannot show a cognizable claim upon which relief could be granted that is not precluded by prior decisions.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice and without issuance and service of process*.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III

September 19, 2017                                United States Magistrate Judge
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

---

[5] Plaintiff previously dismissed her direct appeal in this court. *See In Re Salyers*, No. 4:16-cv-2759-BHH-TER.

9

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).